IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HAWEYA MIRE,

        Plaintiff,

    vs.                        Civil Action 2:06-CV-1056
                                       Judge Sargus
                                       Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## REPORT AND RECOMMENDATION

        This is an action instituted under the provisions of 42 U.S.C. §405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income.  This matter is now before the Court on plaintiff's *Social Security Brief,* the Commissioner's *Memorandum in Opposition,* and plaintiff's *Reply.*

        Haweya Mire filed her application for benefits on May 8, 2003. The application was denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

        On September 27, 2005, plaintiff, represented by counsel, appeared and testified (through an interpreter) at the administrative hearing, as did Lynne Kaufman, who testified as a vocational expert.  In a decision dated May 30, 2006, the administrative law judge found that, although plaintiff's degenerative disc disease of the lumbar spine is a severe impairment, she nevertheless has the residual functional capacity to perform light work that does not require lifting or carrying more than 10 pounds frequently or 20 pounds occasionally, more than occasional stooping, kneeling, crouching, crawling or stair climbing, any climbing

of ladders, ropes or scaffolds, and any ability to communicate in English. Relying on the testimony of the vocational expert, the administrative law judge found that this residual functional capacity does not preclude the performance of plaintiff's past relevant work as a shop keeper, as she actually performed that work in Somalia, or alternatively a significant number of jobs in the regional and national economies. Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act.

That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on June 2, 2006.

Plaintiff was 46 years of age at the time the administrative law judge issued his decision. She was born in Somalia and arrived in this country in 1993. She has difficulty understanding and speaking English. She has a high school equivalent education in Somalia. *A.R.* 253. She has prior work experience as a shopkeeper in Somalia and as a meat trimmer in this country.

Ms. Mire testified that she experiences severe pain in her back and shoulder. She takes prescription medication, sees her doctor 2-3 times per month, undergoes massage and wears a TNS unit around her waist. She does no housework and rarely leaves her home. She can go to the grocery so long as someone else carries the groceries.

Plaintiff estimated that she can sit or stand and walk for no more than 20 minutes at a time. She has used a cane, prescribed by her family physician, for 3 years. She gets dizzy when she stands. She prefers to lie down. *A.R.* 228. Once or twice per month, her discomfort becomes so severe that she must rely on others to help her shower. *A.R.* 229. She takes sleeping pills to help her sleep; she has low energy.

*A.R.* 230.

A March 2001 MRI of plaintiff's lumbar spine without contrast revealed a small central disc protrusion with posterior elements of degenerative change and overall moderate central canal narrowing. *A.R.* 118. A July 2002 x-ray of the left shoulder revealed limited movement of the humeral head consistent with spasm. *A.R.* 120. X-rays of plaintiff's left hip, taken in August 2002, were normal. *A.R.* 116. A July 2003 MRI revealed degenerative changes with bilateral narrowing at the L3-L4 and mainly at the L4-L5 levels. *A.R.* 140. An MRI of the left shoulder showed no rotator cuff tear but a "generous amount of fluid around the biceps tendon." *A.R.* 142.

The medical evidence reflects reports and assessments by two treating physicians and one consultative evaluator. Emmart Hoy, D.O., reported in December 2002 that he has treated plaintiff for cervical radiculopathy, sciatica, osteoarthritis of the left knee, herniated nucleus pulposis of the lumbar spine and H-pylori gastritis. Dr. Hoy characterized Ms. Mire as "totally disabled for at least one year." *A.R.* 115. In Dr. Hoy's estimation, plaintiff could walk for 1 hour without interruption for no more than 2 hours in a workday and could sit for 2 hours without interruption for no more than 4 hours. She could frequently lift and carry up to 10 pounds and occasionally up to 20 pounds. She would be extremely limited in her ability to bend and would be moderately limited in her ability to engage in repetitive foot movement. According to Dr. Hoy, plaintiff is "unemployable." *A.R.* 114. In June 2003, Dr. Hoy indicated that plaintiff could sit for no more than 2 hours continuously before she would require a change of position for 1 hour. *A.R.* 121.

3

In June 2003, Chris Nicholson, M.D., performed a consultative evaluation of the plaintiff at the request of the state agency. Dr. Nicholson noted that plaintiff used a cane. *A.R.* 122. Her left leg had painful passive range of motion about the left hip and knee. *A.R.* 123. Straight leg raising was negative bilaterally from both the seated and supine positions. Active range of motion of the left shoulder was limited by pain. Range of motion of the lumbar spine was severely limited in all directions. Muscle strength was 4/5. *A.R.* 123, 124. There was no muscle spasm or atrophy. According to Dr. Nicholson, plaintiff's signs and symptoms were consistent with mechanical neck and back pain, although her pain "at times seems out of proportion." *A.R.* 125. There was no evidence of radiculopathy or cervical myelopathy. Dr. Nicholson opined that plaintiff's limitations would be dictated by pain. "Any activities that caused prolonged sitting or standing would prove difficult." *A.R.* 125-26. "Any objects [sic] that would require bending, twisting, or lifting would be likewise prohibited. ... Fine motor coordination was limited in the left upper extremity given the patient's pain." *A.R.* 126.

William Washington, M.D., first examined plaintiff in May 2003 for bilateral leg and back pain and dizziness, as well as left shoulder and bilateral wrist pain. He noted at that time that plaintiff uses a 4-prong cane for ambulating at times. *A.R.* 175. Dr. Washington's December 2003 notes refer to a prescription for a cane. *A.R.* 169. According to Dr. Washington, plaintiff has a disorder of the spine, evidenced by nerve root compression and neuro-anatomic distribution of pain, *A.R.* 176, that results in limitation of motion and muscle weakness. Plaintiff cannot walk on her heels or toes, cannot squat and cannot arise

4

from a squatting position. *Id.* There was no sensory or reflex loss but there was positive straight leg raising in both the sitting and supine positions. *A.R.* 177. In an assessment of plaintiff's residual functional capacity, completed in December 2003, Dr. Washington indicated that plaintiff could never lift any weight, could sit for up to 4 hours with rest, and could stand or walk for no more than 1 hour. *A.R.* 180. According to Dr. Washington, plaintiff "is permanently and totally disabled." *A.R.* 175, 180.

In July 2003, state agency physicians reviewed the record and concluded that plaintiff could occasionally lift and carry up to 20 pounds and frequently lift and carry up to 10 pounds. She could stand or walk, and sit, for about 6 hours throughout an 8-hour workday. Her ability to use her hands was unlimited. Plaintiff could frequently climb ramps or stairs but could only occasionally climb ladders, ropes or scaffolds. She could only occasionally stoop but could frequently balance, kneel, crouch or crawl. She could only occasionally reach over her head. Noting the reference in Dr. Nicholson's report to a cane, the state agency physicians commented that use of a cane "does not appear obligatory." *A.R.* 132.

The vocational expert was asked to assume an individual with plaintiff's vocational profile who is able to perform a limited range of light work. In response, the vocational expert testified that such a claimant could perform plaintiff's past work as well as a significant number of jobs at both the sedentary and light exertional levels, including such jobs as housekeeping, laundry worker and packer. *A.R.* 235.

Basing his finding primarily on the review of the record made

by the state agency physicians, the administrative law judge found that plaintiff has the residual functional capacity to perform light exertion that requires no lifting or carrying more than 10 pounds frequently or 20 pounds occasionally, that does not require more than occasional stooping, kneeling, crouching, crawling or stair climbing, and no climbing of ladders, ropes or scaffolds or communicating in English. He rejected the opinions of disability expressed by Drs. Hoy and Washington, plaintiff's treating physicians, as unsupported by the record and by their own treatment notes. He rejected the residual functional capacity assessment articulated by Dr. Nicholson, the consultative examiner, because Dr. Nicholson noted that plaintiff's pain complaints were out of proportion to the doctor's findings. *A.R.* 16. Relying on the testimony of the vocational expert, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act.

Pursuant to 42 U.S.C. §405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Halter,* 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Secretary of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

6

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth v. Comm'r Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

The administrative law judge rejected the assessments of every physician who has examined plaintiff and relied, instead, on the assessment of the non-examining state agency physicians, who commented that plaintiff's use of a cane was "not obligatory." *A.R.* 132. However, the state agency physicians made that comment without the benefit of Dr. Washington's treatment notes, which appear to refer to plaintiff's cane as medically necessary. *A.R.* 169.

Because the parties apparently agree that a determination that plaintiff's use of a cane is medically necessary would greatly impact her ability to engage in work requiring light exertion[1], this Court concludes that the matter should be remanded for further consideration of whether or not plaintiff's use of a cane is medically necessary.

Accordingly, it is **RECOMMENDED** that the decision of the Commissioner of Social Security be **REVERSED** and that this action be **REMANDED** for further consideration of the medical necessity, if any, of plaintiff's use of a cane and, if so, the impact of that restriction on

---

[1]Because of plaintiff's vocational profile, if her residual functional capacity were limited to only sedentary exertion, the Medical-Vocational Guidelines would direct a finding of disability. *See* Rule 201.127, of Appendix II of Subpart P to Regulations No. 4.

plaintiff's residual functional capacity.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


January 31, 2008                    *s/Norah McCann King*
                                    Norah M<sup>c</sup>Cann King
                                    United States Magistrate Judge

8