IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HAWEYA MIRE,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil Action 2:06-CV-1056
Judge Sargus
Magistrate Judge King

## OPINION AND ORDER

This action was instituted under the provisions of 42 U.S.C. §§405(g), 1383(c) for review of the denial of plaintiff's application for supplemental security income. That administrative decision was reversed pursuant to Sentence 4 of 42 U.S.C. §405(g) and the matter was remanded to the Commissioner of Social Security for further consideration of whether plaintiff's use of a case is medically necessary. *Order Adopting and Affirming the Report and Recommendation*, Doc. No. 15. This matter is now before the Court on *Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act*, Doc. No. 17. The Commissioner has filed a response, *Response*, Doc. No. 18, and plaintiff has filed a reply, *Reply*, Doc. No. 19.

The Equal Access to Justice Act, 28 U.S.C. §2412 ["EAJA"], provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, ... unless the court finds that the position of the United States is substantially justified. ..." 28 U.S.C. §2412(d)(1)(A). In *Commissioner, INS v. Jean*, 496 U.S. 154 (1990), the United States Supreme

Court explained that, under the EAJA,

> eligibility for a fee award in any civil action requires: (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. §2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Id.,* at 158.

In her motion, plaintiff seeks a total award of $5,140.54. The Commissioner opposes the application on the basis that the Commissioner's position was substantially justified. The United States also opposes the reasonableness of the fee sought and suggests that a reasonable fee would be no more than $4,910.91.

Whether or not the Commissioner's administrative position was substantially justified is essentially a question of reasonableness. *Sullivan v. Hudson,* 490 U.S. 877, 883-85 (1989); *Pierce v. Underwood,* 487 U.S. 552, 564-65 (1988). The position of an agency is "substantially justified" if it is "'justified in substance or in the main' -- that is -- justified to a degree that would satisfy a reasonable person." *Underwood,* at 565-66.

The administrative law judge found that plaintiff has the residual functional capacity to perform a limited range of light exertion and is therefore not disabled. In making this finding, the ALJ relied on the assessment of the non-examining state agency physicians, who commented that plaintiff's use of a cane was "not obligatory." A.R. 132.

The Medical-Vocational Guidelines would direct a finding of disability should plaintiff be capable of performing only less than light

2

exertion. *See* Rule 201.127, Appendix II of Subpart P to Regulations No. 4. Moreover, the parties agreed that a determination that plaintiff's use of a cane is medically necessary would greatly impact her ability to engage in light exertion. The assessment of the non-examining state agency physicians upon which the ALJ relied was made prior to the December 2003 reference, made in the office notes of one of plaintiff's treating physicians, to a prescription for a cane. *See* A.R. 169. Therefore, this Court concluded that, under these circumstances, the action should be remanded to determine whether plaintiff's use of a cane was medically necessary.

Although this Court remains convinced that remand of the action was appropriate, the Court cannot conclude that, for purposes of the EAJA, the position of the Commissioner was not substantially justified.

Accordingly, plaintiff's application for attorney's fees pursuant to the EAJA, Doc. No. 17, is **DENIED**.

9-1-2009
Date

Edmund A. Sargus, Jr.
United States District Judge